# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JEFFREY BOUDREAU, | No. 25-CV-11-CJW-MAR |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| vs. | |
| CROELL, INC., | |
| Defendant. | |

Plaintiff's purported notice of dismissal without prejudice is before the Court. (Doc. 14). Plaintiff filed the document as a dismissal without prejudice, citing Federal Rule of Civil Procedure 41(a)(1)(A).

In plaintiff's operative pleading, he brings five claims against defendant. (Doc. 2). Defendant has filed an answer. (Doc. 5). In the purported notice of dismissal, plaintiff states that he dismisses two of the five claims without prejudice. (Doc. 14). Plaintiff's two attorneys signed the purported notice of dismissal. Defendant's attorney's signature does not appear on the document.

Federal Rule of Civil Procedure 41(a)(1)(A), which plaintiff relies upon here, provides that a plaintiff "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). There are therefore two scenarios in which a plaintiff may voluntarily dismiss an action. First, a plaintiff may file a notice of voluntary dismissal under Rule 41 if the opposing party—i.e., the defendant—has not yet filed an answer or motion for summary judgment. Second, a plaintiff may file a

stipulation of dismissal of the action at any time. In the second scenario, for the stipulation of dismissal to be effective, all parties who have appeared must sign the document.

Plaintiff's purported notice of voluntary dismissal is not proper here. Under subsection (i), notice is only proper if the opposing party has not yet filed an answer or motion for summary judgment. But here, defendant filed an answer well before plaintiff filed his purported notice of voluntary dismissal. Thus, plaintiff's notice is not a proper dismissal under subsection (i). Under subsection (ii), a stipulation of dismissal is only proper if it is signed by all parties who have appeared. Defendant's counsel has appeared in this case. Plaintiff's purported notice of dismissal is not signed by defendant's counsel. Thus, plaintiff's purported notice of dismissal is not proper under subsection (ii) either. Plaintiff's filing at Doc. 14 therefore accomplishes nothing.[1]

Plaintiff's notice is not proper under Federal Rule of Civil Procedure 41 and Counts 1 and 2 are not dismissed. The Court's proposed solution here is to instead explore amendment of a pleading under Federal Rule of Civil Procedure 15(a)(2).

**IT IS SO ORDERED** this 15th day of December, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

---

[1] Plaintiff also has an issue here with trying to dismiss some, but not all, of his claims under Rule 41. The rule states that a plaintiff may dismiss "an action," which is not the same as dismissing "a claim." Rule 41(a) allows plaintiffs who comply with the rule's other requirements to dismiss all their claims. Rule 41(a) does not allow plaintiffs to dismiss some of their claims but not others. *See United States v. Midtling*, 615 F. Supp. 3d 942, 945 (D. Minn. 2022) ("Rule 41(a) is not the proper mechanism by which a plaintiff can eliminate only a portion of the plaintiff's claims.").


2

Case 1:25-cv-00011-CJW-MAR   Document 15   Filed 12/15/25   Page 2 of 2
