# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JEFFREY BOUDREAU, | No. 25-CV-11-CJW-MAR |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| vs. | |
| CROELL, INC., | |
| Defendant. | |

Plaintiff's purported stipulation of dismissal without prejudice is before the Court. (Doc. 16). Plaintiff filed the document as a dismissal without prejudice, citing Federal Rule of Civil Procedure 41(a)(1)(A).

In plaintiff's operative pleading, he brings five claims against defendant. (Doc. 2). Defendant has filed an answer. (Doc. 5). In the purported stipulation of dismissal, plaintiff states that he dismisses two of the five claims without prejudice. (Doc. 16). Plaintiff's two attorneys signed the purported stipulation of dismissal. Defendant's attorney also signed the document.

Federal Rule of Civil Procedure 41(a)(1)(A), which plaintiff relies upon here, provides that a plaintiff "may dismiss *an action* without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii) (emphasis added). Thus, under the second subsection, a plaintiff may file a stipulation of dismissal of the action at any time so long as all parties who have appeared sign the document.

Plaintiff cleared up one of its problems this time, but the dismissal is still improper. On December 12, 2025, plaintiff filed essentially the same document, but without defendant's attorney's signature. (Doc. 14). The stipulation of dismissal is now signed

by both parties' attorneys. (Doc. 16). But the Court pointed out in its order yesterday that plaintiff also has another problem here. (Doc. 15, at 2 n.1).

Rule 41(a)(1) allows a plaintiff to dismiss "an action." An action means all of one party's claims against another party. *See Weinstein v. 440 Corp.*, 146 F.4th 1046, 1051 (11th Cir. 2025) ("We now make clear that, under Rule 41(a), an 'action' refers to all claims that an individual plaintiff has brought against an individual defendant[.]"). But "Rule 41 does not permit plaintiffs to pick and choose, dismissing only particular claims within an action, and any attempt to use Rule 41(a) to dismiss anything less than the entire action will be invalid." *Id.* (cleaned up). As the Court noted yesterday, "Rule 41(a) is not the proper mechanism by which a plaintiff can eliminate only a portion of the plaintiff's claims." (Doc. 15, at 2 n.1) (quoting *United States v. Midtling*, 615 F. Supp. 3d 942, 945 (D. Minn. 2022)). A leading secondary source has noted that it is "well established that when multiple claims are filed against a particular defendant, Rule 41(a) is applicable only to the voluntary dismissal of all claims against the defendant[.]" 9 *Wright & Miller's Federal Practice & Procedure* § 2362 (4th ed. Sep. 2025 Update). The source goes on to note that "many of these courts, but not all, have indicated that a plaintiff who wishes to eliminate some claims but not others should do so by moving to amend pursuant to Rule 15." *Id.* This is the solution the Court suggested in its order yesterday as well. (Doc. 15, at 2).

Plaintiff's notice is therefore still not proper under Federal Rule of Civil Procedure 41, and Counts 1 and 2 are not dismissed. The Court's proposed solution here, as it was yesterday, is to instead explore amendment of a pleading under Federal Rule of Civil Procedure 15(a).

**IT IS SO ORDERED** this 16th day of December, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa